Jamal HART, Appellant

v.

Ronald HOLTS, Warden.

No. 07–1741.

United States Court of Appeals,
Third Circuit.

Submitted For Possible Dismissal
Under 28 U.S.C. § 1915(e)(2)(B) or
Summary Action

Under Third Circuit LAR 27.4
and I.O.P. 10.6 Sept. 27, 2007.

Filed: Oct. 4, 2007.

Jamal Hart, Minersville, PA, pro se.

Kate L. Mershimer, Office of United States Attorney, Harrisburg, PA, for Ronald Holts, Warden.

BEFORE: SLOVITER, CHAGARES and COWEN, Circuit Judges.

OPINION

PER CURIAM.

Jamal Hart appeals the District Court's order dismissing his petition filed pursuant to 28 U.S.C. § 2241. For the reasons

below, we will summarily affirm the District Court's order.

In 1998, the District Court for the Eastern District of Pennsylvania sentenced Hart to 188 months in prison after a jury convicted him of possession of a firearm by a felon. We affirmed his conviction and sentence on appeal. Hart then filed a motion pursuant to 28 U.S.C. § 2255. The District Court denied the motion, and we denied Hart's request for a certificate of appealability.[1]

In December 2006, Hart filed a *pro se* § 2241 petition in the District Court for the Middle District of Pennsylvania. Hart stated that he recently learned that a nonexistent conviction for simple assault in 1995 was used in determining his prison security classification. Although he admitted that this conviction was not listed in his pre-sentence investigation report (PSI), Hart alleged that the sentencing court used the conviction to sentence him as an armed career criminal under 18 U.S.C. § 924(e). The District Court dismissed the petition for lack of jurisdiction, and Hart filed a timely notice of appeal. The government filed a motion for summary affirmance, and Hart, now represented by counsel, has filed responses.

■ We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's legal conclusions. *Cradle v. U.S. ex rel. Miner,* 290 F.3d 536, 538 (3d Cir.2002). Under the explicit terms of § 2255, a § 2241 petition cannot be entertained by a court unless a § 2255 motion would be "inadequate or ineffective." *Id.* In *Cradle,* we explained that a § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 pro-

ceeding from affording him a full hearing and adjudication of his wrongful detention claim. It is the inefficacy of the remedy, not the personal inability to use it, that is determinative. Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.

*Id.* at 538–39 (citations omitted).

■ Hart argues that because he never had an opportunity to raise this claim previously, he should be entitled to pursue relief via a § 2241 petition based on our holding in *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir.1997). In *Dorsainvil,* we allowed a prisoner to proceed under § 2241 because he "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." *Id.* at 251. Hart's claims do not fall within the narrow exception we announced in *Dorsainvil.* There has been no substantive change in the law that negates Hart's conviction. *See also Okereke v. United States,* 307 F.3d 117, 120–21 (3d Cir.2002). Because Hart seeks to challenge his sentence and has not shown that § 2255 is inadequate or ineffective, he may not proceed under § 2241.

Moreover, we note that Hart had an opportunity to challenge the convictions used to sentence him as an armed career criminal. On February 3, 1997, the government filed a "Notice of Prior Convictions for Enhanced Sentencing Under [18 U.S.C. § 924(e)]." The government alleged that Hart had four prior convictions for robbery in August 1988, December 1988, February 1989, and January 1991 as well

---

1. Hart subsequently sought to challenge his conviction with a motion filed pursuant to Fed.R.Civ.P. 60(b)(4). We denied Hart's request for a certificate of appealability to appeal the District Court's denial of that motion.

as a prior conviction for a controlled substance offense in November 1990.[2] At Hart's February 18, 1998 sentencing, the District Court rejected Hart's challenge to the use of one robbery conviction as a crime of violence. Counsel successfully moved for a downward departure on the basis that Hart's criminal history category overstated the seriousness of his criminal record.[3] Hart himself argued at sentencing that his prior convictions were invalid because he was unaware of his right to appeal them. Tr. 2/18/1998 at 28–29. He also contended that his drug conviction did not meet the criteria to be considered a controlled substance offense under § 924(e)(2)(a)(ii). *Id.* at 30–31. In a letter to his appellate counsel, Hart requested that counsel raise a claim that sentencing counsel should have argued for a departure downward not only from his criminal history category but also from his enhanced offense level. In his motion filed pursuant to 28 U.S.C. § 2255, Hart argued, *inter alia,* that the guilty pleas in three of his prior convictions were not knowing, intelligent and voluntary, and counsel was ineffective for failing to investigate them.

In his arguments at sentencing, on appeal, and in his § 2255 motion, Hart demonstrated that he was actively involved in those proceedings and paying close attention to the convictions used to sentence him under § 924(e). Hart only disputed the validity and not the existence of those prior convictions. To be sentenced under 18 U.S.C. § 924(e), a defendant must have at least three prior convictions for a violent felony or a serious drug offense. Hart had five.

While we do not reach the merits of Hart's claims, we note that Hart cites nothing to support his claim that the 1995 conviction [4] was used to enhance his sentence as an armed career criminal. Hart has submitted only two pages from his PSI; he omitted those pages which contain a discussion of his prior convictions.[5] In his counseled opposition to summary action, Hart argues that he was arrested in retaliation for his efforts to exonerate his father who is on death row. He further asserts that "[a]s the newly discovered evidence has shown, the retaliatory efforts went so far as to place a non-existent felony conviction on Mr. Hart's criminal record so that the court could impose a longer sentence." Opp. at 3.[6] Hart implies that the courts have concealed the use of this 1995 conviction from him. Opp. at 10. We are deeply concerned by counsel's making such serious allegations without providing any proof.

Because Hart has not shown that § 2255 is inadequate or ineffective, the District Court did not err in dismissing Hart's § 2241 petition for lack of jurisdiction. Summary action is appropriate if

2. These convictions are included in the criminal history Hart submitted with his *pro se* opposition to summary action.

3. Before this departure Hart faced a sentence in the guidelines range of 235–293 months.

4. At sentencing, the government mentioned that Hart was convicted of simple assault when he was fourteen years old. Thus, it appears possible that the mistake in the BOP's document could be a simple typographical error with respect to the date, i.e., "1995" was typed instead of "1985."

5. In the government's sentencing memorandum, it describes three of Hart's robbery convictions and cites to paragraphs 26–29 of the PSI. Hart has only provided the pages of the PSI which encompass paragraphs 9–21 and 30–34.

6. We note that under Pennsylvania law simple assault is a misdemeanor. *See* 18 Pa.C.S. § 2701(b).

there is no substantial question presented in the appeal. *See* Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. *See* Third Circuit I.O.P. 10.6. Appellee's motion for summary action is granted. Hart's *pro se* motions for an appeal conference and to disqualify opposing counsel are denied.